

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00362-CV

**IN RE J.M.W.**

Original Proceeding[1]

PER CURIAM

Sitting:      Lori I. Valenzuela, Justice
Adrian A. Spears II, Justice
Velia J. Meza, Justice

Delivered and Filed: June 11, 2026

PETITION FOR WRIT OF MANDAMUS AND APPENDIX STRUCK; CAUSE DISMISSED AS MOOT

This is the second of three petitions for writ of mandamus that relator, J.M.W., has filed concerning a motion to transfer that she has filed in the underlying suit affecting the parent-child relationship. This is the second of three times that relator has failed to redact and use an alias for the name of a minor and the minor's parents and other family members in violation of Rule 9.8 of the Texas Rules of Appellate Procedure and Rule 4.2 of this court's Local Rules. *See* TEX. R. APP. P. 9.8; 4TH TEX. APP. (San Antonio) LOC. R. 4.2 (2025).

Relator's first petition[2] was originally filed and rejected on March 13, 2026, because it was unsigned and did not redact a minor's name. Relator was notified of the reasons for the

[1]This proceeding arises out of Cause No. 2023-EM5-03094, styled *In the Interest of C.W.W., a Child*, pending in the 37th Judicial District Court, Bexar County, Texas, the Honorable Angelica Jimenez presiding.

filing's rejection. Relator refiled her petition later that day. The refiled petition was denied on March 18, 2026.

Relator filed this petition for writ of mandamus on May 5, 2026. She complains that the trial court has refused to hold a hearing on the motion to transfer that she filed in the underlying proceedings. The court has identified no fewer than ninety-one (91) separate disclosures that violate Rules 9.8 or 9.9 of the Texas Rules of Appellate Procedure or Local Rule 4.2 in the present petition. Pursuant to Local Rule 4.2, we **STRIKE** the petition and appendix in this matter.

Relator filed a third petition for writ of mandamus concerning the motion to transfer the underlying matter on May 8, 2026.[3] In her third petition, relator asserts that the trial court has issued an order denying her motion to transfer.

A petition for a writ of mandamus for failure to rule is dismissed as moot when the trial court rules after the petition for writ of mandamus is filed. *See In re Laubenstein*, No. 14-24-00723-CV, 2024 WL 4404221, at *1 (Tex. App.—Houston [14th Dist.] Oct. 4, 2024, no pet.). According to relator, the trial court has ruled on her motion. Accordingly, this cause is dismissed as moot.

PER CURIAM

---

[2] *In re Jaimee Michelle Collins*, No. 04-26-00210-CV (Tex. App.—San Antonio, filed March 13, 2026).
[3] *In re J.M.W.*, No. 04-26-00374-CV (Tex. App.—San Antonio, filed May 8, 2026).